# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN JENNINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-200-JPG |
| ) | |
| NURSE ASHLEY, ) | |
| OFFICER YOUNG, ) | |
| SUE FUNKHOUSER, ) | |
| CHET SHAFFER, ) | |
| and MEAGAN DIUGUID, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff submitted his *pro se* civil rights complaint, brought pursuant to 42 U.S.C. § 1983, while he was incarcerated at the Franklin County Jail. (Doc. 1, pp. 8-9). He has since been released from custody. (Doc. 1, pp. 1, 6; Doc. 1-1). Plaintiff claims that he was housed with hostile inmates who attacked him, and he was not given prompt medical care for his injuries. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. This screening requirement (as well as the fee-payment requirement in § 1915(b)) applies to Plaintiff's case because he was still a prisoner at the time he brought this action.

The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998). Under the "mailbox rule," a court document submitted by a prisoner to jail officials for placement in the U.S. mail is

1

considered "filed" at the moment it is delivered to jail authorities, rather than on the date it ultimately arrives at the court. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001). (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Plaintiff signed his Complaint on February 17, 2017, and noted that "after 2/17/17" his address would be a post office box in Valier, Illinois. (Doc. 1, pp. 1, 6). He included a cover letter stating that he should be released on February 18, 2017. (Doc. 1-1). The envelope shows that the Complaint was mailed from the jail. (Doc. 1, p. 8). These facts demonstrate that Plaintiff must still have been a prisoner when he submitted the document for mailing. Thus, his suit was "brought" during his imprisonment and the PLRA, including § 1915A, applies to his case.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims survive threshold review under § 1915A.

## The Complaint

Plaintiff was arrested and booked into the Franklin County Jail on August 5, 2016. (Doc. 1, p. 5). At intake, Plaintiff told Officer Young that he "had problems" with some other jail inmates who had stolen some property from Plaintiff's house. Young, however, told Plaintiff that he did not get to pick where he was housed, and place Plaintiff into the same cell block with the inmates who posed a danger to him. Young smiled, and told Plaintiff to "enjoy [his] stay here." *Id*.

Plaintiff "made it" to August 10, 2016, but on that day, he was "jumped" and beaten by the inmates that he warned Young about. *Id*. After the beating, Young and Officer Diuguid conducted 4 safety checks, but did not remove Plaintiff from the cell block (Block "C") until 4 hours after he was injured. Young and Diuguid moved Plaintiff to holding cell #1 across from the nurse's station, however, the nurse was not called to check on Plaintiff's injuries until the following day (August 11).

3

Nurse Ashley told Plaintiff that his injuries were not serious enough to require medical treatment. Officer Funkhouser told Plaintiff that he would be kept in the holding cell across from the nurse's station until his injuries healed up. Plaintiff repeatedly asked for medical attention but was refused. He told Lt. Shaffer that he could not see out of his right eye and was having serious headaches, and asked to be taken to the hospital. Shaffer told Plaintiff to tough it up, and if he gets around to it, he would go.

After about 24 hours in the holding cell, Plaintiff called his family. He was finally taken to the Franklin County Emergency Room, where he was transferred to Deaconess Hospital in Evansville, Indiana. Doctors there diagnosed Plaintiff with a fractured orbital bone around his right eye. Plaintiff states that he still cannot see out of his right eye where the fracture occurred.

Plaintiff seeks monetary damages. (Doc. 1, p. 6).

### **Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice. Each of the claims below shall proceed for further review.

**Count 1:** Cruel and unusual punishment claim against Young for failing to protect Plaintiff from attack;

**Count 2:** Claim for deliberate indifference to medical needs against Young, Diuguid, Shaffer, and Funkhouser, for failing to obtain prompt medical care for Plaintiff after he was injured;

**Count 3:** Claim for deliberate indifference to medical needs against Nurse Ashley, for failing to treat Plaintiff's injuries and delaying his referral to the hospital.

4

Initially, the Court notes that the Complaint does not disclose whether Plaintiff was incarcerated at the Franklin County Jail as a detainee awaiting trial, or whether he was serving a sentence as a convicted prisoner. He spent a little over 6 months in the jail, between August 5, 2016, and February 17, 2017. The threshold analysis of his constitutional claims is similar enough, however, that this case shall go forward regardless of Plaintiff's status as a pre-trial detainee or convicted prisoner.

Claims brought pursuant to § 1983 brought by pre-trial detainees arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Nonetheless, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). Thus, for 'cruel and unusual punishment' claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008). This analysis applies to each of Plaintiff's claims herein.

### Count 1 – Failure to Protect

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). Similarly, jail officials have a duty to protect pre-trial detainees from violence caused by other

inmates. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). However, liability attaches only where the officer was aware that the prisoner faced "a substantial risk of serious harm" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). Thus, to prevail on this claim, Plaintiff must show first that he was at risk of harm, and that the defendant(s) knew about this risk and disregarded it. *See Grieveson*, 538 F.3d at 777; *see also Pinkston*, 440 F.3d at 889. However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Here, Plaintiff informed Young when he was booked into the jail that he expected problems with the other inmates who had stolen property from him. Despite this warning, Young purposely housed Plaintiff in the same cell block with the prisoners who later attacked and beat him. These facts support Plaintiff's Fourteenth Amendment claim that Young failed to protect him from a known danger. The claim in **Count 1** shall receive further consideration.

**Count 2 – Deliberate Indifference to Serious Medical Condition – Correctional Officers**

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment, which encompasses the failure to provide medical care. *See Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Pre-trial detainees' claims for deliberate indifference to medical needs are considered under the due process clause of the Fourteenth Amendment. Detainees are entitled to the same sort of protection against deliberate indifference as convicted prisoners, no less. *See Williams v. Romana,* 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz,* 420 F. App'x 629, 634 (7th Cir. 2011). To state a claim for deliberate indifference to medical care, an inmate must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of

6

that risk and intentionally disregarded it. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

A medical need is "serious" for deliberate indifference purposes where it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). Prisoners are not entitled to "demand specific care" or "the best care possible," but jail or prison officials must take "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Plaintiff sustained serious injuries in the beating. While he does not describe his appearance, the fact that his orbital bone was fractured and he could not see out of his right eye suggests that he had visible injuries to his face that would have been apparent to the non-medical-provider Defendants (Young, Diuguid, Funkhouser, and Shaffer). However, Young and Diuguid left Plaintiff in the cell block with his assailants for 4 hours before removing him to another location. Plaintiff's factual summary suggests that Young and Diuguid were on notice that Plaintiff was in need of medical care, yet delayed taking any action to assist him. Once they did place Plaintiff in the holding cell, they did not call the nurse to examine him. Based on this

7

information, Plaintiff's deliberate indifference claim against Young and Diuguid in **Count 2** merits further consideration.

Plaintiff had interactions with both Funkhouser and Shaffer while he remained in the holding cell. He states that he made repeated requests for medical attention, but was refused. Funkhouser told him that he would be kept in the holding cell until his injuries healed. Shaffer refused to take Plaintiff to the hospital or otherwise summon medical attention for him, even when Plaintiff disclosed that he could not see out of his right eye and was having headaches. At this stage of the case, these facts support a claim against Funkhouser and Shaffer for deliberate indifference to medical needs. Therefore, **Count 2** shall also proceed against these Defendants.

### Count 3 – Deliberate Indifference to Serious Medical Condition – Nurse

Nurse Ashley is the only medical provider to see Plaintiff at the jail. She saw him the day after the beating (August 11, 2016). She told Plaintiff that his injuries were not serious enough to require medical treatment. As a result, Plaintiff experienced further delay before receiving medical care for what turned out to be a serious fracture.

Notably, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of a constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Further factual development will be necessary in order to determine whether Nurse Ashley failed to treat Plaintiff because of error or incompetence, which does not violate the Constitution, or whether her action (or inaction) amounted to unconstitutional deliberate indifference to a serious medical need. Accordingly, **Count 3** shall proceed against Nurse Ashley.

### Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2) shall be

addressed in a separate order.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

## **Disposition**

The Clerk of Court shall prepare for Defendants **ASHLEY, YOUNG, FUNKHOUSER, SHAFFER,** and **DIUGUID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 10, 2017**

*s/J. Phil Gilbert*
United States District Judge
